UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X          NOT FOR PUBLICATION

WILLIAM BANKHEAD, an heir to the estate
the first black baseball player, Brooklyn Dodgers
pitcher, Dan R. Bankhead,[1]

               Plaintiff,

-against-                                                                   MEMORANDUM
                                                                            AND ORDER
NEGRO LEAGUE TRAVELING MUSEUM,[2]                                           06-CV-02850 (ERK)
BOB KENDRICK, director of marketing for the
described museum; BUCK O'NEIL; "JOHN
DOES," unknown identities and amounts of
persons, firms, media agencies,

               Defendants.
———————————————————————X

KORMAN, Ch. J.:

      Plaintiff, proceeding *pro se,* brings this action[3] to challenge the defendants' alleged unauthorized removal of baseball memorabilia from the home of Linda Bankhead without the permission of "the heirs of Dan Robert Bankhead." Complaint at ¶ 7. Plaintiff seeks three million

---

    [1] Dan R. Bankhead was not the first African-American baseball player in the major leagues, that distinction is held by Jackie Robinson. He was, however, the first African-American pitcher in the major leagues. See www.theforgottenleagues.com/dan_bankhead BIO.htm. Bankhead played in the Negro Leagues from 1940 until he signed with the Brooklyn Dodgers in 1947, appearing in his first major league game at Ebbets Field on August 26, 1947. See www.nlbpa.com/bankhead_dan.html; www.baseball-reference.com/b/bankhda01.shtml. His last game in the majors was on July 18, 1951, but he played professional baseball in Canada and Mexico through 1965. Id. He died in May 1976. Id.

    [2] Founded in 1990, "the Negro League Baseball Museum (NLBM) is a privately funded, non-profit organization dedicated to preserving the rich history of African-American baseball located in Kansas City, Missouri." See http://www.nlbm.com/s/index.cfm.

    [3] The action was initially filed on January 9, 2006 in the United States District Court, Southern District of New York, where it was liberally construed as a diversity action under 28 U.S.C. § 1332 and transferred to this Court because the events giving rise to the claim occurred in Brooklyn. See Order dated May 10, 2006 by the Honorable Michael B. Mukasey.

1

dollars in damages. Complaint at 5. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but dismiss the action because plaintiff lacks standing.

### I. William Bankhead, the Litigant

As described in my February 7, 2006 Order in plaintiff's last action, Bankhead v. Kuo et al., 05CV4443 (ERK) (listing forty-three cases in which plaintiff has been a litigant in this Circuit), plaintiff is a perennial and frequent litigant in the local federal and state courts. This is plaintiff's tenth action in this Court since 1999.[4] The allegations of the instant complaint should be viewed against the backdrop of plaintiff's expansive litigation history.

### II. Summary of Allegations

Plaintiff alleges that as an "an heir to the estate of the first black baseball pitcher Brooklyn Dodgers pitcher Dan R. Bankhead," complaint at ¶ 3, his permission should have been required in order to donate Dan R. Bankhead memorabilia to the Negro League Traveling Museum on or about July 23, 2005. Id. at 5. He alternatively alleges that the memorabilia was not donated, but "stolen from inside the home and custody of Linda Bankhead, an incompetent person." Id. Plaintiff has

---

[4]Plaintiff has filed nine other actions in this Court. An action filed in 1999 was settled for $250.00, Bankhead v. City of New York, et al., 99-CV-03299 (ERK)(RML), and five actions filed in 2000 were consolidated by the Court and likewise settled for the sum of $250.00. Bankhead, et al v. City of New York, et al., 00-CV-03249 (NGG)(RML); Bankhead v. City of New York, et al., 00-CV-03583(ERK)(RML); Bankhead, et al v. City of New York, et al., 00-CV-03584 (ERK) (RML); Bankhead v. City of New York, et al., 00-CV-03755 (ERK) (RML); Bankhead v. City of New York, et al., 00-CV-03696 (ERK)(RML). Plaintiff's two most recent cases were dismissed for failure to respond to the Court's order to amend his complaint. Bankhead v. Sanabia et al., 04-CV-04573 (ERK)(LB); Bankhead v. Kuo et al., 05-CV-4443 (ERK)(LB); Bankhead v. Renelique, 05-CV-2065 (ERK)(LB). In at least one other action recently filed in this Court, plaintiff attested that he served therein as a paralegal "assisting" another *pro se* litigant. Bush v. NYC Parking Violations Bureau, 05-CV-2010 (RJD) (LB).

unsuccessfully sought the return of these items from the defendants. Id. at 3. Plaintiff does not state how either Linda Bankhead or he is related to Dan R. Bankhead, if indeed they are, but does state that Dan R. Bankhead's wife is still living, and that someone named Dan Bankhead Jr. was involved in the transfer of the memorabilia. Id. at 3, 4. He estimates the value of the memorabilia at three million dollars. Id. at ¶ 6.

### III. Discussion

In reviewing plaintiff's complaint, I am mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers[']" Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004); "the obligation to read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest, extends to the question of standing . . . ." Lerman v. Board of Elections in City of N.Y., 232 F.3d 135, 142 n. 8 (2d Cir. 2000) (internal citations and quotations omitted). Under 28 U.S.C. § 1915 (e)(2)(B), however, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"In order to have standing under Article III, [the plaintiff] must demonstrate that (1) [he] has suffered an injury in fact that is concrete and particularized as well as actual or imminent, rather than conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely, rather than merely speculative, that the injury will be redressed by a favorable decision." Lerman, 232 F.3d at 142. Although I recognize that plaintiff is dismayed to learn that some of the property owned by Dan R. Bankhead is no longer a part of the former baseball player's estate, he

3

has not alleged that he has suffered an injury in fact. Assuming that plaintiff is an heir to Dan Bankhead's estate, or more properly, since she is still living, an heir to Bankhead's wife's estate, he has alleged no basis under which he has the power to dictate the disposition of such property. On the contrary, plaintiff appears to be merely hopeful that someday he would inherit Dan R. Bankhead's memorabilia and is disappointed that it is now in the hands of the museum. Since I find that the plaintiff has failed to allege a basis for standing, the Court does not have subject matter jurisdiction to hear this case. See In re United States Catholic Conference, 885 F.2d 1020, 1023 (2d Cir. 1989) ("when a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case").

Moreover, plaintiff may not bring an action on behalf of Linda Bankhead. Parties may only represent their own rights and interests and not the rights and interests of others or of organizations. See Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("A person must be litigating an interest personal to him."). In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the "threshold question" is "whether a given matter is plaintiff's own case or one that belongs to another." Iannoccone, 142 F.3d at 558.

### IV. Conclusion

Whereas, ordinarily, I would allow plaintiff an opportunity to amend his complaint, Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000), I need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction. Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith

and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Edward R. Korman
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
6/12/2006